**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCISCO JOSE MERCHAN ROCHA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> VERONICA MERANO FLOREZ, ) <br> ) <br> Respondent. ) <br> _____ ) | 2:14-cv-00051-RCJ-VCF <br><br> **ORDER** |

This is a Petition under the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Convention") and the United States' enabling law, the International Child Abduction Remedies Act (the "Act"). Pending before the Court are a Motion for Contempt (ECF No. 18), a Motion for New Trial (ECF No. 19), and two Countermotions for Attorney's Fees (ECF Nos. 24, 25). For the reasons given herein, the Court denies the Motion for New Trial and the Countermotions for Attorney's Fees but will hold a hearing on the Motion for Contempt before ruling.

**I.    FACTS AND PROCEDURAL HISTORY**

Petitioner Francisco Jose Merchan Rocha and Respondent Veronica Molano Florez are the natural parents of a minor child, SMM, who was eleven years old as of the filing of the Verified Petition. (*See* V. Pet. ¶ 8, Jan. 10, 2014, ECF No. 1). On June 28, 2011, the parties divorced in Colombia, and a copy of the Decree of Divorce (the "Decree") is attached to the Verified Petition as Exhibit B. (*See id.*). According to the Decree and the Parenting Agreement, attached to the Verified Petition as Exhibit C, the Family Court of Usaquen, Colombia granted

1  Petitioner custody of SMM by agreement, with SMM's habitual residence established in Bogota,
2  Colombia, and it granted Respondent certain visitation rights. (*See id.* ¶¶ 9, 10 & Exs. B, C).
3  Petitioner authorized SMM to travel to Miami, Florida with her paternal grandparents, and to
4  continue therefrom to Las Vegas, Nevada to visit Respondent, to return to Colombia on August
5  15, 2013 to continue her studies in Medillin, Colombia, where she had been residing and
6  attending school at the time she left Colombia. (*See id.* ¶ 11 & Ex. D). When Respondent
7  refused to return the child, Petitioner filed a police report in Colombia on August 22, 2013. (*Id.*
8  ¶ 13 & Ex. E). Petitioner attempted to convince Respondent to return the child, but Respondent
9  refused and has ceased all contact with Petitioner. (*Id.*). The Central Authority of Colombia
10 submitted Petitioner's Application for Return of Child to the U.S. Department of State on
11 September 19, 2013. (*Id.* ¶ 14 & Ex. F).
12         Petitioner sued in this Court pursuant to the Convention and the Act for return of the
13 wrongfully retained child. He asked for a temporary restraining order and a preliminary
14 injunction. The Court restrained Respondent or others acting in conjunction with her or at her
15 direction from removing or permitting SMM to be removed from the State of Nevada until a
16 consolidated trial on the merits could be held under Rule 65(a)(2). At the conclusion of the
17 February 12, 2014 trial, at which SMM was present with the parties and their counsel, the Court
18 ruled in favor of Petitioner, entered its findings of fact and conclusions of law into the record,
19 and asked Petitioner's counsel to submit a proposed written form of judgment. The Court stayed
20 the judgment for six months to maintain the status quo while Respondent appealed in the present
21 case or sought relief from relevant family law orders in Colombia. Petitioner has filed motions
22 for a new trial and to hold Respondent and her husband in contempt based upon information
23 obtained and events occurring after the trial, respectively. Respondent has objected and has
24 moved for attorney's fees for having to defend against Petitioner's present motions.
25 ///

## II. LEGAL STANDARDS

### A. New Trial

After a non-jury trial, a movant may obtain a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). No obtain a new trial based on newly discovered evidence, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

### B. Contempt

The Court's civil contempt power is inherent. *Cal. Dep't Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Whereas criminal contempt is a punishable crime which must be tried as such if it occurs outside of the presence of the Court, *see Hicks v. Feiock*, 485 U.S. 624, 638–41 (1988), a court's civil contempt authority allows a court to remedy a violation of a specific order, either by imprisonment or fines until the contemnor purges the contempt by complying with the Court's order. As opposed to criminal contempt, civil contempt may be proved by clear and convincing evidence, and willfulness need not be shown. *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1183 (D.C. Cir. 1981).

### C. Attorney's Fees

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). An award of attorney's fees must rely on a statute or rule independent from Rule 54 itself. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).

## III.     ANALYSIS

### A.     Motion for New Trial

Petitioner asks for a new trial under Rule 59(a)(1)(B) based upon newly discovered evidence. Specifically, Petitioner alleges that when exiting through the lobby of the Lloyd D. George Courthouse, Respondent's husband, Sam, verbally insulted Petitioner and "came very close to assaulting him physically," all in front of SMM, resulting in that court security personnel had to escort Sam from the building. During the altercation, SMM raised her arms to cover Sam's chest and screamed "No!" Petitioner has inferred form SMM's reaction that "she might be accustomed to holding Sam back when he is in a fit of anger, with the most likely scenario being protecting her mother from Sam." Petitioner argues that this is newly discovered evidence of SMM's true motivation for wanting to remain in the United States, as found by the Court after trial. Specifically, Petitioner argues that this evidence tends to show that at least part of SMM's reason for wanting to remain in the Unites States is to protect her mother from Sam.

Respondent objects that this is not newly discovered"evidence under Rule 59, because the event occurred after the trial. The Court disagrees with that objection. The evidence of SMM's motivation to remain in the United States is alleged to have existed before trial. Petitioner argues only that the post-trial altercation is what alerted him to the existence of the evidence. That is in fact the precise fact pattern—pre-trial existence and post-trial discovery—under which new evidence is appropriately considered. However, the new evidence is weak and would not have changed the disposition of the case. The motion is therefore denied.

### B.     Motion for Contempt

Petitioner argues that Respondent made no reasonable efforts to comply with the Court's order requiring Respondent to provide Petitioner with unsupervised visitation before he returned to Colombia. Respondent objects that she made reasonable efforts. The parties agree only that Petitioner was not able to visit SMM before returning to Colombia. The disagreement is over

1  whether Respondent made reasonable efforts to provide unsupervised visitation.  The Court will
2  not attempt to sort this out from the pleadings but will hold a hearing at which Respondent shall
3  show cause why she should not be held in contempt for failing to provide visitation as ordered.

4        **C.**      **Motions for Attorney's Fees**

5        The countermotions for fees are frivolous, and they are denied.  Respondent identifies no
6  statute or rule under which fees are sought.  *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).  Respondent
7  identifies only Rule "54(2) [sic]" itself, which does not provide any substantive right to fees but
8  only a process by which to vindicate a substantive right to fees existing in some other statute or
9  rule.  *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1280–81 (9th Cir. 1999).

10        Respondent implies that fees are allowed because she will prevail on the motion, but the
11  Court cannot think of any statute or rule from any jurisdiction that provides for motion-by-
12  motion fee shifting based purely on a party having prevailed on a motion.  Respondent also
13  implies that fees are allowed because Petitioner's motions were brought in "bad faith" and were
14  "vexatious."  That language implies that Respondent intends to invoke either Rule 11 or 28
15  U.S.C. § 1927.  As to Rule 11, Respondent has not indicated that she served the present
16  countermotions upon Petitioner and waited twenty-one days thereafter before filing them, as
17  required by the rule, and judicially noticeable facts, i.e., the dates of the relevant filings, prove
18  that Respondent did not comply with this requirement.  *See* Fed. R. Civ. P. 11(c)(2).  In any case,
19  neither Petitioner nor his counsel have violated Rule 11 or § 1927.  Neither of Petitioner's
20  motions are frivolous or vexatious.
21  ///
22  ///
23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for New Trial (ECF No. 19) and the Countermotions for Attorney's Fees (ECF Nos. 24, 25) are DENIED.

IT IS FURTHER ORDERED that a Hearing on the Motion for Contempt (ECF No. 18) shall be held at 1:30 p.m. PDT on March 13, 2014 in Courtroom 4B of the Lloyd D. George Federal Courthouse in Las Vegas, Nevada.

IT IS SO ORDERED.

Dated this 4th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge