1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FRANCISCO JOSE MERCHAN ROCHA,

                  Plaintiff,

 vs.

VERONICA MOLANO FLOREZ, AKA
GABRIELLE VERONICA MOLANO
FLOREZ,

                 Defendant.

Case No.: 2:14-cv-00051

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

THIS MATTER came before the Honorable Robert C. Jones, on February 12, 2014, at 1:30 p.m. on Plaintiff's Motion for a Preliminary Injunction, and for a trial on the merits pertaining the return of the minor child, Sofia Merchan Molano ("SMM"). Present at the Hearing were Plaintiff, Francisco Jose Merchan Rocha, represented by his attorney of record, Emily McFarling, Esq. of McFarling Law Group. Also present was Maria Rios Landin, legal assistant to Emily McFarling. Defendant Veronica Molano Florez, nka Veronica Gabrielle, was present and represented by Christopher Ford, Esq., and Matthew Friedman, Esq. of Ford & Friedman.

Counsel presented their opening statements; testimony and exhibits were also presented.

The Court having reviewed the papers and pleadings on file herein, heard arguments from counsel, testimony of the parties and Defendant's husband, Sam Gabrielle, interviewed the minor child, considered evidence, and good cause appearing, issues the following FINDINGS and ORDERS:

THE COURT FINDS that the parties discussed and, at least Veronica, understood that the divorce agreement, including the custody agreement at issue herein, could be modified, in other words, it was not permanent.

THE COURT FURTHER FINDS that the divorce agreement itself is binding and it does not contain an exception or a statement or any consent that there will be a change of residence or citizenship regarding SMM.

THE COURT FURTHER FINDS that pursuant to the custody agreement, Francisco has custody of SMM. Said agreement provided that he give Veronica visitation rights. He was honoring that, therefore, Veronica must honor that too.

THE COURT FURTHER FINDS that Francisco consented to SMM visiting the USA, with the understanding that there was a return plane ticket purchased and SMM would be returning to the country of Colombia on the date of the return plane ticket.

THE COURT FURTHER FINDS that Francisco did not acquiesce to SMM remaining in the United States after the fact.

THE COURT FURTHER FINDS that Francisco sent various emails regarding SMM's vaccination records and school records necessary for SMM's enrollment in School.

THE COURT FURTHER FINDS that Francisco obviously acquiesced to the child being enrolled in school in the State of Nevada.

THE COURT FURTHER FINDS that Francisco did not consent to the child's relocation to the United States of America or staying in the United States permanently.

THE COURT FURTHER FINDS there is no imminent or dangerous risk for the child to return to her father in Colombia.

THE COURT FURTHER FINDS that SMM confirmed the testimony that Francisco spanked SMM, whipped SMM with a belt, and hit SMM on the head with a ringed finger,

especially while in Australia. However, after they returned to the country of Colombia, her father needed her, was distressed and did not do that.

THE COURT FURTHER FINDS that SMM has no desire to return to the school where she was allegedly molested by a professor. SMM is aware that the professor is no longer at that school, but there is no doubt that SMM believes that the alleged incident of molestation did occur.

THE COURT FURTHER FINDS that the most important factual issue is whether the Court can rely upon the child's desires and wishes. Moreover, the Court finds that it can rely upon the desires and wishes of SMM.

THE COURT FURTHER FINDS that SMM is a very mature young lady.

THE COURT FURTHER FINDS that the minor child has a strong intellectual capacity and speaks her opinions well.

THE COURT FURTHER FINDS that there may be some influence by Veronica or Sam over the child's opinion, but that it is not an overriding or undue influence.

THE COURT FURTHER FINDS that it is apparent that Sam and/or Veronica have insisted that SMM not speak with Francisco during this interim period.

THE COURT FURTHER FINDS that SMM stated that the reason for Veronica and/or Sam's request that she not speak with Francisco is that Francisco might memorialize or record such communications and those could be used against her. That should stop as the father has rights.

THE COURT FURTHER FINDS that the child desires to live with her mother, Veronica.

THE COURT FURTHER FINDS that the child desires to live in the United States.

THE COURT FURTHER FINDS that the child's motivation and stated intent, to live with her mother and live in the U.S.A., are sincere.

THE COURT FURTHER FINDS that it is probable that 60% of the child's motivation is she wants to live with her mother, and the other 40% is she likes to live in Las Vegas and in the United States.

THE COURT FURTHER FINDS that the child stated that she lives in a small apartment with her grandparents in Colombia, and that Sam provides a huge house in Las Vegas, and she is very well taken care of.

THE COURT FURTHER FINDS the child's strong express desire is to live with her mother during the next indefinite period.

THE COURT FURTHER FINDS that the minor child is willing, when matters stabilize, to return to Colombia for visitation.

THE COURT FURTHER FINDS that the Courts of Colombia have legitimate jurisdiction over the child.

THE COURT FURTHER FINDS that there was no permanent change in the residence or domicile or the intent with respect to the domicile of the child prior to her coming to the USA and, therefore, that pursuant to the Hague Convention the Colombian Courts should decide these matters.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Petition is granted but its effect shall be deferred for a period of six (6) months, from the date of _ February 12, 2014 with an additional six (6) month deferment period available upon the application of the parties.

4

IT IS FURTHER ORDERED the Court is staying the effect of its order for a period of six months to allow Veronica to file an appeal and get a stay, and/or to modify custody in Colombia.

IT IS FURTHER ORDERED that there is an injunction in place immediately, prohibiting the removal of SMM from the State of Nevada, County of Clark, or from changing SMM's residence, without the Court's permission or consent.

IT IS FURTHER ORDERED that Veronica and Sam are not prohibited from leaving the State of Nevada.

IT IS FURTHER ORDERED Sam and Veronica are mandated to provide access, at least by telephone, if not actual visitation. Veronica can assure herself that all such visitation occurs in a secure place, but must not deny access to the father for both telephone calls and/or visits.

IT IS FURTHER ORDERED that Sam and Veronica cannot insist on being present during Francisco's visits or phone calls with the child.

IT IS FURTHER ORDERED Veronica can satisfy herself that visitation is in a secure place, like in a room in the house, or room in a commercial building, but cannot deny face-to-face visitation in person, and cannot deny Francisco from sole presence with the child. Veronica needs to let Francisco and SMM talk privately.

IT IS FURTHER ORDERED an arrangement can be made for a third party (not Veronica or Sam), to follow in a separate car.

IT IS FURTHER ORDERED that the parties will coordinate Francisco's visitation during his remaining stay in Las Vegas, through their counsel.

1    IT IS FURTHER ORDERED that Francisco shall be entitled to telephonic and

2 physical access to SMM until he departs for Colombia only if Veronica satisfies herself,

3 concerning SMM's safety and security.

4    IT IS FURTHER ORDERED that neither party nor Sam will record SMM's

5 communications, including phone conversations.

6

7    IT IS FURTHER ORDERED that the method for applying for the additional six (6)

8 month extension to the stay of this order shall be by motion, setting forth adequate cause

9 upon which to issue the extension.

10    IT IS FURTHER ORDERED the parties were advised that criminal contempt will lie

11 if either one of them violates the Court's order, and will be prosecuted in the court of the

12 United States, whether the party is in the United States.

13

14    IT IS FURTHER ORDERED that Counsel for Francisco will prepare and provide an

15 Order to Veronica's Counsel, complying with the findings and orders of this Court. Counsel

16 for Francisco will review said findings and order, to see if Veronica's counsel has any

17 objections and/or additions. Thereafter a proposed Order shall be provided to this Court to be

18 entered.

19    IT IS SO ORDERED this 13th day of May, 2014.

20

21 _____

22 THE HONORABLE ROBERT C. JONES

23 MCFARLING LAW GROUP                    Approved as to form and content:

24

25 */s/Emily McFarling*                              */s/Matthew H. Friedman*
   Emily McFarling, Esq.                         Matthew H. Friedman, Esq.
26 Nevada Bar No. 8567                           Nevada Bar No. 11571
   Attorney for Plaintiff                          Attorney for Defendant
27

28

6