**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCISCO JOSE MERCHAN ROCHA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>VERONICA MOLANO FLOREZ, AKA )<br>GABRIELLE VERONICA MOLANO )<br>FLOREZ, )<br>)<br>Defendant. )<br>)<br>_____ ) | Case No.: 2:14-cv-00051 |

**PLAINTIFF'S EMERGENCY MOTION FOR A WARRANT TO TAKE PHYSICAL CUSTODY OF CHILD, OR IN THE ALTERNATIVE FOR DEFENDANT TO PRODUCE THE MINOR CHILD IN COURT**

**I.**
**STATEMENT OF FACTS**

On January 10, 2014, Plaintiff, Francisco Jose Merchan Rocha ("Francisco"), filed a Verified Complaint and Petition for Return of Minor Child, pursuant to Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA")[2]. On January 13, 2014, Francisco filed a Motion under the Hague Convention for a Temporary Restraining Order or Preliminary Injunction, for an Expedited Hearing and an Order to Show Cause against Defendant, Veronica Molano Florez ("Veronica").

On February 12, 2014, this matter came before this Honorable Court for a trial on the merits.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1,22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10494 (1986).

[2] 42 U.S.C. §§ 11601-11610 (2011).

The Court ordered that Francisco's Petition is granted but its effect shall be deferred for a period of six (6) months from the date of February 12, 2014, with an additional six (6) month deferment period available upon the application of the parties.

The Court further ordered the Court is staying the effect of its order for a period of six month to allow Veronica to file an appeal and get a stay, and/or to modify custody in Colombia.

The Court further ordered that the method for applying for the additional six (6) month extension to the stay of the Order shall be by Motion, setting forth adequate cause upon to issue the extension.

On May 29, 2014, Veronica, through her counsel, filed a Notice of Appeal, with the United States Court of Appeals for the Ninth Circuit. Briefing is still in process with Veronica twice asking for extensions to file her opening brief.

As of August 11, 2014, the six month deferment period expired.

On November 26, at 10:00 a.m. this matter came on for a hearing on Plaintiff's Emergency Motion for an Order Directing Return of Minor Child.

The Court noted the purpose of the initial stay of the Order granting Plaintiff's Petition for an Order for Return of Minor Child was to allow Defendant to modify custody in Colombia.

The Court granted Francisco's Motion for Order Directing Return of Child[3].

The Court denied Veronica's Motion for Extension of Stay of Order.

The Court further ordered the following:

*'NOW THEREFORE, TO ANY PEACE OFFICER IN THE STATE OF NEVADA AND TO ANY FEDERAL OFFICER:*

---

[3] See Document 58 on file.

2

> *YOU ARE HEREBY COMMANDED TO enforce the instant order allowing Francisco Jose Merchan Rocha to remove the above-named minor from the United States of America, and to allow him to accompany her to the country of Colombia giving said Francisco Jose Merchan Rocha, the right, without interference, to have said child in his lawful custody for the purposes described herein.'*

Francisco was unable to enforce said Order because the Ninth Circuit Court of Appeals stayed the Order.

On May 21, 2015, the Ninth Circuit Court of Appeals issued a Memorandum[4] affirming the District Court's Order (Document 32).

Also on May 21, 2015, the undersigned inquired as to whether Sofia was in school, in order to enforce the affirmed Order and retrieve her on behalf of Francisco. However, the school refused to give any information. After further inquiry with Canarelli Middle School, the undersigned discovered that Sofia no longer attended that school as of March 2015.

On May 22, 2015, the undersigned discovered that Veronica's husband had sold the residence where he, Veronica, and Sofia had been living since they arrived to the U.S.[5] This is still the mailing address on file for Veronica in this case despite the fact that it has been sold to a third party.

Moreover, in an attempt to find the whereabouts of Sofia, the undersigned browsed through Sam's, Veronica's, and Sofia's Facebook accounts. Sam's Facebook account showed a posting from November 2014 saying the following[6]:

> *"Moving back to Los Angeles in December. Still love you though Vegas, there's nothing else like you, so I'll be coming back to my Vegas holiday home regularly"*

---

[4] See Memorandum attached hereto as Exhibit 1.

[5] See Grant, Bargain and Sale Deed attached hereto as Exhibit 2.

[6] See Facebook posting as Exhibit 3.

In addition, Sam's Facebook account shows that he lives in Los Angeles, California.

Sofia's Facebook account also states that she lives in Los Angeles, California[7].

It is unknown whether this information is correct, but it certainly raises great concerns because this Court's Findings, Conclusions of Law and Order (Document 32), states the following:

> *'IT IS FURTHER ORDERED there is an injunction in place immediately, prohibiting the removal of SMM from the State of Nevada, County of Clark, or from changing SMM's residence, without the Court's permission or consent.'*

## II.
## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  Plaintiff is entitled to emergency relief.

LR 7-5. EX PARTE AND EMERGENCY MOTIONS.
(a) Ex Parte Definition.
An ex parte motion or application is a motion or application that is filed with the Court, but is not served upon the opposing or other parties.
(b) All ex parte motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties.
(c) Motions, applications or requests may be submitted ex parte only for compelling reasons, and not for unopposed or emergency motions.
(d) Written requests for judicial assistance in resolving an emergency dispute shall be entitled "Emergency Motion" and be accompanied by an affidavit setting forth:
(1) The nature of the emergency;
(2) The office addresses and telephone numbers of movant and all affected parties; and,
(3) A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement also must state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded. It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

---

[7] See Facebook posting as Exhibit 4.

Francisco has not been allowed contact with his daughter and the longer this process is, the more time he loses with his daughter. In addition, Veronica relocated Sofia's residence without informing Francisco. Moreover Veronica did not update her address with the Court and there is suspicion that Veronica may have changed Sofia's residence to the State of California, which is against this Court's Orders. Clearly, she is a flight risk and the longer Francisco is unable to get Sofia, the longer Veronica will have to hide her now that the appeal has been adjudicated. These circumstances warrant emergency relief.

**B. The Court should Order Veronica to appear in Court with Sofia, or in the alternative issue a Warrant to take physical custody of Sofia to place her in Child Haven until Francisco can pick her up.**

The Ninth Circuit Court of Appeals has affirmed this Court's Order from the February 12, 2014, trial. As such, Francisco can now enforce said Order. However, Veronica has not only wrongfully retained Sofia in the United States, but concealed her in a way to prevent Francisco from having contact with her or being able to retrieve her. In addition, it appears that Sofia now resides in the State of California, and Francisco has very limited law enforcement assistance to retrieve Sofia from Veronica. Therefore, he respectfully requests that the Court order Veronica to produce the minor child and her valid passport in Court as soon as possible, so Francisco can take her with him to Colombia.

In the alternative, he respectfully requests that the Court issue a Custody Warrant as the language on the current Court Orders has proven to be ineffective. The Custody Warrant should direct law enforcement agencies, including, but not limited to the Las Vegas Metropolitan Police Department, the U.S. Marshall's Office, and the State of Nevada Attorney General, to take physical custody of Sofia anywhere in the United States. Said law enforcement agencies should

be ordered to place Sofia in Child Haven immediately after retrieving her, where she will remain until Francisco picks her up.

## III.
## CONCLUSION

Therefore, Plaintiff requests the following:

(a) An Order ordering Veronica to produce the minor child and the minor child's passport in Court;

(b) A Custody Warrant directing law enforcement to take physical custody of Sofia and place her in Child Haven until Francisco arrives in Las Vegas to pick her up;

(c) Any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted on this 26th day of May, 2015.

**MCFARLING LAW GROUP**

_____*/s/Emily McFarling*_____
Emily McFarling, Esq.
Nevada Bar Number 8567
6230 W. Desert Inn Rd.
Las Vegas, NV 89146
(702) 565-4335 phone
(702) 732-9385 fax
eservice@mcfarlinglaw.com
Attorney for Plaintiff
Francisco Jose Merchan Rocha

///

ORDER

IT IS HEREBY ORDERED that the Clerk of the Court shall issue a Warrant directing law enforcement to take physical custody of SOFIA and place her in Child Haven until FRANCISCO JOSE MERCHAN ROCHA arrives in Las Vegas and secures physical custody of SOFIA.

IT IS SO ORDERED this 27th day of May, 2015.

ROBERT C. JONES

**AFFIDAVIT OF EMILY MCFARLING, IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A WARRANT TO TAKE PHYSICAL CUSTODY OF CHILD, OR IN THE ALTERNATIVE FOR DEFENDANT TO PRODUCE THE MINOR CHILD IN COURT**

I, Emily McFarling, Esq., declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct to the best of my knowledge and belief.

1. I am an attorney duly licensed to practice law in the State of Nevada; I am employed by McFarling Law Group; I represent the Plaintiff.

2. I have read the preceding document, and the factual averments contained therein are true and correct to the best of my knowledge, except those matters based on information and belief, and as to those matters, I believe them to be true.

3. The factual averments contained in the preceding document are incorporated herein as if set forth in full.

4. Movant has not been able to resolve this matter without Court intervention.

DATED this 26th day of May, 2015.

_____/s/Emily McFarling_____
Emily McFarling, Esq.

**CERTIFICATE OF FONT AND POINT SELECTION**

I hereby certify that the foregoing was prepared in Times New Roman font in 12 point type in compliance with Local Rule 10-1.

DATED this 26th day of May, 2015.

_____/s/Emily McFarling_____
Emily McFarling, Esq.

///

///

///

## CERTIFICATE OF SERVICE

The undersigned, an employee of McFarling Law Group, hereby certifies that on the 26th day of May, 2015.I served a true and correct copy of Plaintiff's Motion, to the following:

__X___by United States mail in Las Vegas, Nevada, with First-Class postage prepaid and addressed as follows:

Veronica Molano Florez
9143 W. Torino Avenue
Las Vegas, NV 89148

By: ___*/s/Maria Rios Landin*_____
Maria Rios Landin


## EXHIBIT INDEX

Exhibit 1 ………………………………………………..Memorandum

Exhibit 2 ………………………………………………. Grant, Bargain and Sale Deed

Exhibit 3 ………………………………………………. Facebook postings by Sam

Exhibit 4……………………………………………… Sofia's Facebook timeline

**EXHIBIT 1**

FILED

**NOT FOR PUBLICATION**

MAY 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO MERCHAN ROCHA, | No. 14-16045 |
| Petitioner - Appellee, | D.C. No. 2:14-cv-00051-RCJ-VCF |
| v. | |
| VERONICA MOLANO FLOREZ, agent of Veronica Gabrielle, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and BENITEZ, District
Judge.[**]

Respondent Veronica Gabrielle appeals from the district court's grant of

Francisco Merchan Rocha's petition under the International Child Abduction

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Roger T. Benitez, District Judge for the U.S. District Court
for the Southern District of California, sitting by designation.

Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, ordering the return of their daughter ("SMM") to Mr. Rocha's custody in Colombia.  We affirm.

1.  SMM's habitual residence was in Colombia.  Giving the district court's findings great deference, *Mozes v. Mozes*, 239 F.3d 1067, 1077-78 (9th Cir. 2001), the parents did not have a mutual settled intention to abandon Colombia as SMM's habitual residence.

2.  Respondent concedes the Petition for Return was filed within one year of the wrongful retention date.  The "well settled" exception under Article 12 of the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), Oct. 24, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, is inapplicable to this case.

3.  Petitioner did not acquiesce to SMM's retention in the United States. While Petitioner allowed SMM to extend her stay in the United States to pursue her permanent resident application, there is no evidence to unequivocally demonstrate that Petitioner agreed to let SMM stay in this country indefinitely.  *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1019 (9th Cir. 2009).

4.  Respondent failed to show by clear and convincing evidence that SMM would suffer psychological harm if she is returned to Colombia.  *See Cuellar v. Joyce*, 596 F.3d 505, 509 (9th Cir. 2010).

2

5.  The district court did not err by declining to apply the child preference exception under Article 13 of the Convention.  Application of the exception is discretionary.  *See* Convention, art. 13, ¶ 2.  The record indicates that the district court properly exercised its discretion.

AFFIRMED.

**United States Court of Appeals for the Ninth Circuit**

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

**Information Regarding Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) **A.** **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.** **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
>
> ► The proceeding involves a question of exceptional importance; or
>
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ....................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

<u>*Note:*</u> If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

|  |  |  |  |
|---|---|---|---|
| [        ] | v. | [        ] | 9th Cir. No. [      ] |

The Clerk is requested to tax the following costs against: [                ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | [   ] | [   ] | $ [   ] | $ [   ] | [   ] | [   ] | $ [   ] | $ [   ] |
| **Opening Brief** | [   ] | [   ] | $ [   ] | $ [   ] | [   ] | [   ] | $ [   ] | $ [   ] |
| **Answering Brief** | [   ] | [   ] | $ [   ] | $ [   ] | [   ] | [   ] | $ [   ] | $ [   ] |
| **Reply Brief** | [   ] | [   ] | $ [   ] | $ [   ] | [   ] | [   ] | $ [   ] | $ [   ] |
| **Other**** | [   ] | [   ] | $ [   ] | $ [   ] | [   ] | [   ] | $ [   ] | $ [   ] |
| | | | **TOTAL:** | $ [   ] | | | **TOTAL:** | $ [   ] |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

---

*(To Be Completed by the Clerk)*

Date [                    ]          Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk

**EXHIBIT 2**

Inst #: 20150327-0002880
Fees: $19.00 N/C Fee: $0.00
RPTT: $1596.30 Ex: #
03/27/2015 01:10:09 PM
Receipt #: 2364492
Requestor:
FIRST AMERICAN TITLE PASEO
Recorded By: DBX   Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER

A.P.N.:     176-17-412-001

File No:     201-2477781 (IK)

R.P.T.T.:     $1,596.30

When Recorded Mail To:  Mail Tax Statements To:
Chad R. Imamura and Evangeline D. Imamura
9143 West Torino Avenue
Las Vegas, NV 89148

## *GRANT, BARGAIN and SALE DEED*

*FOR A VALUABLE CONSIDERATION,* receipt of which is hereby acknowledged,

      Sam Gabrielle, a single man

do(es) hereby *GRANT, BARGAIN and SELL* to

      Chad R. Imamura and Evangeline D. Imamura, husband and wife as joint tenants

the real property situate in the County of Clark, State of Nevada, described as follows:

**PARCEL ONE (1):**

**LOT ONE (1) AS SHOWN ON THE FINAL MAP OF PEBBLE CREEK 1 @ EL CAPITAN PHASE 1, ON FILE IN BOOK 128 OF PLAT MAPS AT PAGE 54 RECORDED ON DECEMBER 8, 2005, IN BOOK 20051208 AS INSTRUMENT NO. 003408 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.**

**PARCEL TWO (2):**

**A NON EXCLUSIVE EASEMENT, APPURTENANT RESPECTIVELY THERETO, OF THE COMMON ELEMENTS THEREOF (SUBJECT TO AND AS SET FORTH IN THE FOREGOING DECLARATION, AS THE SAME TIME TO TIME MAY BE AMENDED AND/OR SUPPLEMENTED) DISCLOSED BY DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS RECORDED DECEMBER 7, 2005 IN BOOK 20051207 AS DOCUMENT NO. 02380 IN THE OFFICIAL RECORDS, CLARK COUNTY, NEVADA.**

Subject to

1.     All general and special taxes for the current fiscal year.

2.     Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

*TOGETHER* with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Date: 01/07/2015

ASSESSOR'S COPY

Sam Gabrielle

**IRENE KANE**
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 99-36734-1
MY APPT. EXPIRES JUNE 7, 2015

STATE OF    **NEVADA**    )
                               : **ss.**

COUNTY OF    **CLARK**    )

This instrument was acknowledged before me on ___3-26-15___ by
**Sam Gabrielle**.

Notary Public
(My commission expires: _6-7-2015_ )

This Notary Acknowledgement is attached to that certain Grant, Bargain Sale Deed dated
**January 07, 2015** under Escrow No. **201-2477781**.

## STATE OF NEVADA
## DECLARATION OF VALUE

1.  Assessor Parcel Number(s)
    a) 176-17-412-001
    b) _____
    c) _____
    d) _____

2.  Type of Property

    | | | | | |
    |---|---|---|---|---|
    | a) | ☐ Vacant Land | b) | ☒ Single Fam. Res. | |
    | c) | ☐ Condo/Twnhse | d) | ☐ 2-4 Plex | |
    | e) | ☐ Apt. Bldg. | f) | ☐ Comm'l/Ind'l | |
    | g) | ☐ Agricultural | h) | ☐ Mobile Home | |
    | i) | ☐ Other _____ | | | |

    **FOR RECORDERS OPTIONAL USE**
    Book _____ Page: _____
    Date of Recording: _____
    Notes: _____

3.  a) Total Value/Sales Price of Property:        $313,000.00
    b) Deed in Lieu of Foreclosure Only (value of     ( $ _____ )
    c) Transfer Tax Value:                          $313,000.00
    d) Real Property Transfer Tax Due               $1,596.30

4.  **If Exemption Claimed:**

    a. Transfer Tax Exemption, per 375.090, Section: _____
    b. Explain reason for exemption: _____

5.  Partial Interest: Percentage being transferred:  100 %

    The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

    Signature: _____   Capacity: _Seller_____
    Signature: _____   Capacity: _____

    | **SELLER (GRANTOR) INFORMATION (REQUIRED)** | **BUYER (GRANTEE) INFORMATION (REQUIRED)** |
    |---|---|
    | Print Name: Sam Gabrielle | Print Name: Chad R. Imamura and Evangeline D. Imamura |
    | Address: 9143 W. Torino Ave | Address: 9143 West Torino Avenue |
    | City: Las Vegas | City: Las Vegas |
    | State: NV  Zip: 89148 | State: NV  Zip: 89148 |

    **COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
    Print Name: Company  First American Title Insurance   File Number: 201-2477781 IK/bl
    Address  2500 Paseo Verde Parkway, Suite 120
    City: Henderson                State: NV      Zip: 89074

    (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

**EXHIBIT 3**


 **Bass Gabrielle** 

 **Bass Gabrielle**
Nov 20, 2014 at 1:15pm Edited 

Moving back to Los Angeles in December.
Still love you though Vegas, there's nothing else like you, so I'll be coming back to my Vegas holiday home regularly :)

7 likes   8 comments

→ **Share**

 **Bass Gabrielle**
Oct 30, 2014 at 6:13pm

**Veronica Gabrielle**
**Sofi Merchan**

 **Bass Gabrielle**
Oct 30, 2014 at 6:11pm Edited 

One of the greatest days today of personal achievement being October 30, 2014! Won my Supreme Court petition for both writ of mandamus and writ of prohibition to allow my step-daughter to remain living with her mother in the great US of A. The writ overruled the lower district judges unjurisdictional order to return the child.  Did the petition all on my own, without using an attorney or the former parasitic attorneys whom I fired. An amazing relief!  God bless the USA, and god bless the



  8:22 AM

# Bass Gabrielle



Bass Gabrielle

 Add Friend

 Message

 Lives in Los Angeles, California

• • •


About


Photos


Friends

 **Bass Gabrielle**
May 10 at 7:48pm Edited

**EXHIBIT 4**

# Sofia Gabrielle



## Sofia Gabrielle



Add Friend



Message

 Junior Assistant at Creme Gabrielle

 Lives in Los Angeles, California

 From Cali, Colombia



